# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| NELIA VIRTUSIO,<br><br>   Plaintiff,<br><br>  v.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.,<br><br>   Defendant. | Case No. 12-cv-00602 NC<br><br>**ORDER RE: TENTATIVE RULING AND SETTING HEARING ON FINRA'S MOTION FOR ATTORNEYS' FEES AND VIRTUSIO'S MOTION TO STRIKE BILL OF COSTS**<br><br>Re: Dkt. Nos. 52, 66 |

  Pending before the Court are FINRA's motion for attorneys' fees, Dkt. No. 52, and Virtusio's motion to strike FINRA's bill of costs, Dkt. No. 66. After the Court vacated the hearing on FINRA's motion for attorneys' fees, Dkt. No. 73, Virtusio requested leave to file an objection to the declaration from Nick Geannacopulos submitted in support of FINRA's reply on the motion for attorneys' fees. Dkt. Nos. 70-1, 75. The Court hereby reschedules the hearings on both FINRA's motion for attorneys' fees and Virtusio's motion to strike costs, originally scheduled for June 26, 2013 and July 17, 2013 respectively, for **July 24, 2013 at 1:00 p.m.** in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

  Based on the arguments presented by both parties, the Court is inclined to award FINRA its reasonable attorneys' fees under California Labor Code § 218.5 (providing for

the recovery of reasonable attorneys' fees and costs in "action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions"). Here, the first cause of action for breach of contract and the fourth cause of action for failure to pay wages appear to be actions "brought for the nonpayment of wages," and, in any event, the degree of overlap between those causes of action appears to be such that apportionment of fees is not feasible. *See Kirby v. Immoos Fire Protection, Inc.*, 53 Cal. 4th 1244, 1255-56 (2012) (holding that "[t]he words 'nonpayment of wages' in section 218.5 refer to an alleged legal violation, not a desired remedy" and inquiring as to whether the nonpayment of wages is "the gravamen" of the claim); *Aleman v. AirTouch Cellular*, 209 Cal. App. 4th 556, 584 (2012) (directing the trial court to determine the amount of reasonable attorneys' fees awardable for defense of the § 218.5 causes of action, apportioning fees incurred for the separate causes of action as appropriate). In this case, while there are common issues between all of the claims, the Court is not convinced that FINRA is entitled to all of its attorneys' fees incurred in defense of the causes of action for bad faith and intentional infliction of emotional distress.

At the July 24, 2013 hearing, the parties should be prepared to address (1) whether under California Labor Code § 218.5 it is appropriate for the Court to award fees for defense of all of Virtusio's claims, including those for bad faith and intentional infliction of emotional distress; and (2) how the Court should apportion the fees requested.

Additionally, the "Lodestar Chart" FINRA has submitted in support of its request for attorneys' fees does not provide the Court with sufficient information to determine the reasonable attorneys' fees expended in defense of the causes of action brought for the nonpayment of wages. *See e.g.*, *The Traditional Cat Ass'n, Inc. v. Gilbreath*, 340 F.3d 829, 834 (9th Cir. 2003) (holding that, to apportion fees, a court may be required to supplement the record due to inadequate documentation); *see also Drumm v. Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1022 n.7 (N.D. Cal. 2010) (requiring a party moving for attorneys' fees under § 218.5 to submit additional documentation to distinguish work done in support of the unpaid wage claim).

Moreover, the declarations submitted by FINRA in support of its motion for attorneys' fees, Dkt. Nos. 52-1, 70-1, do not adequately describe the level of experience (such as the number of years of practice) of all of the attorneys for whose work FINRA seeks fees. The declarations state in a conclusory manner that "the rates charged in this case are well within the range of hourly rates in the San Francisco markets for counsel with the experience and litigation skills possessed by FINRA's defense team." Dkt. Nos. 52-1 ¶ 19; 70-1 ¶ 19. FINRA, however, does not specify the range of the applicable prevailing market rate for similar services by attorneys with experience comparable to that of each attorney whose fees are included in FINRA's motion. *See Garcia v. Resurgent Capital Services, L.P.*, No. 11-cv-1253 EMC, 2012 WL 3778852, at *2 (N.D. Cal. Aug. 30, 2012) (to assess a reasonable hourly rate, "courts consider the prevailing market rate in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.") (citation omitted); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) ("[a]ffidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate.").

By July 22, 2013, FINRA must submit the following: (1) a copy of counsel's invoices, as referred to in Nick Geannacopulos's declaration, Dkt. No. 70-1 ¶ 13, for all of the fees sought in FINRA's motion; (2) declaration(s) describing the level of experience of all of the attorneys for whose work FINRA seeks fees; and (3) declaration(s) or other authority supporting FINRA's contention that the rates charged in this case are "well within the range" of the applicable prevailing market rates.

Virtusio's motion requesting leave to file an objection to Geannacopulos's declaration is DENIED. The Court will hear Virtusio's objections and argument at the hearing.

IT IS SO ORDERED.

Date: July 5, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 12-cv-00602 NC
ORDER RE: TENTATIVE RULING
AND SETTING HEARING

3