**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NELIA VIRTUSIO,<br><br>       Plaintiff,<br><br>    v.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.,<br><br>       Defendant. | Case No. 12-cv-00602 NC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PREVAILING DEFENDANT'S BILL OF COSTS**<br><br>Re: Dkt. No. 66 |

This action was brought by plaintiff Nelia Virtusio against her former employer, defendant Financial Industry Regulatory Authority, Inc. ("FINRA"). On May 7, 2013, the Court granted FINRA's motion for summary judgment. Dkt. No. 49. Pending before the Court is Virtusio's motion to strike FINRA's memorandum of costs, urging the Court to exercise its discretion. Dkt. No. 66 at 1:22-24. For the reasons set forth below, the Court DENIES Virtusio's motion to strike.

**I. DISCUSSION**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the

costs should not be awarded." *Stanley v. University of Southern California*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

FINRA has requested $3,372.25 in costs. Dkt. No. 54 at 1. Virtusio moves to strike FINRA's bill of costs arguing that: (1) she is indigent; (2) FINRA misled her by initially failing to provide the 2006 NASD Benefit Options Guide and Summary Plan Description; (3) it is uncommon for costs to be awarded to a defendant in an ERISA case; and (4) the present case was a close matter of first impression. Dkt. No. 66 at 2:21-28, 3:1-23. The Court is not convinced by Virtusio's arguments and finds that she has not met her burden to demonstrate that FINRA should not be awarded costs.

Virtusio first argues that the Court should exercise its discretion in awarding costs as she is indigent. *Id.* at 2:24-27. The Ninth Circuit has held that, in exercising discretion not to award costs, "[i]ndigency is a factor that the district court may properly consider . . . ." *Stanley*, 178 F.3d at 1079 (holding that district courts must also consider the "chilling effect" such costs could have on future civil rights litigants); *see also Mandujano v. Geithner*, 10-cv-01226 LB, 2011 WL 3566398, at *2 (N.D. Cal. Aug. 12, 2011) (articulating that courts consider the losing party's limited financial resources, possible chilling effects, and the complexity and closeness of the issues presented). As evidence of her indigency, Virtusio submitted a copy of her 2009 application for bankruptcy, Dkt. No. 63-1, and states that she has a "sixteen year old daughter and private school tuition" expenses. Dkt. Nos. 66 at 2:21-28; 74 at 2:14-15. In opposition, FINRA argues that Virtusio failed to timely file her objection to the memorandum of costs, as required by Local Rule 54-2(a), and her evidence of bankruptcy in 2009 is not sufficient proof that she does not currently have the economic means to pay a cost award. Dkt. No. 71 at 1:26-27, 3:13-23.

In *Mandujano*, the plaintiff's motion to strike costs was rejected as "[he] is employed, he made no showing that he is indigent or that being forced to pay costs of $2,748.70 would reduce him to indigence, and his case was neither close nor complex. Additionally, the $2,748.70 in costs is not likely to chill future civil rights litigants." 2011 WL 3566398, at

1    *2 (citing *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (affirming
2    the $5,310.55 award of costs and rejecting the losing party's argument that this amount
3    posed a risk of chilling future litigation).  Virtusio cites *Stanley*, 178 F.3d 1069, as an
4    instance where a court *did* exercise its discretion in awarding costs.  Dkt. No. 66 at 2:3-20.
5    In *Stanley*, however, the prevailing party sought $46,710.97 whereas, here, FINRA is
6    seeking only $3,372.25.  178 F.3d at 1080; Dkt. No. 54.  Moreover, while Virtusio has
7    submitted evidence of a prior bankruptcy filing and stated that she has a dependent, she
8    does not dispute that she and her husband currently receive approximately $6,500 per
9    month before taxes.  Dkt. Nos. 62 ¶ 10; 74 at 2:2-15.  The Court is not persuaded by
10   Virtusio's argument because FINRA's costs are similar to those requested in *Mandujano*
11   and *Save Our Valley* and Virtusio has not submitted sufficient evidence demonstrating that
12   she would be unable to afford an award of FINRA's costs, as required by Rule 54(d).
13        Finally, the Court does not find Virtusio's remaining arguments convincing.  Virtusio
14   has provided no case law in support of the proposition that FINRA's initial failure to
15   provide a controlling document is sufficient to warrant a denial of costs.  Virtusio's
16   argument that an award of costs under an ERISA claim is uncommon fails as both parties
17   agree that the benefits plan in question here is exempt from ERISA.  Dkt. Nos. 1 at 8:21-23;
18   26-1 at 7:19-20.  Additionally, the Court does not find that the questions presented were
19   sufficiently novel to overcome the presumption in favor of awarding FINRA costs.
20   *See Stanley*, 178 F.3d at 1079-80.  Virtusio has not met her burden to demonstrate why the
21   costs should be struck.  *Id.*  The Court therefore DENIES Virtusio's motion to strike.
22   //

### IV. CONCLUSION

Because Virtusio has not provided sufficient evidence suggesting that she is indigent, cannot pay an award of costs, and the payment of costs would chill future litigation, and as her remaining arguments are not convincing, Virtusio's motion to strike FINRA's memorandum of costs is DENIED.

IT IS SO ORDERED.

Date: March 31, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge